IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff,* | : |
| | : Case No. 1:23-cr-115 (1) |
| vs. | : |
| | : Judge Jeffery P. Hopkins |
| ANTONIO TOOMBS, | : |
| *Defendant.* | : |

**ORDER DENYING MOTIONS FOR REVOCATION OF DETENTION ORDER**

Before the Court are two motions by Defendant Antonio Toombs seeking reconsideration and revocation of the Magistrate Judge's order of detention. Doc. 23, 32 (Together, Defendant's "Motions for Revocation"). For the foregoing reasons, the Defendant's Motions for Revocation are hereby **DENIED.**

**I.   BACKGROUND**

On November 29, 2023, Defendant Antonio Toombs and his co-defendant were charged by way of Indictment with six counts related to two armed robberies of U.S. Postal Service (USPS) postal carriers. Doc. 17. Specifically, Defendant is charged with Conspiracy to Commit Assault of Postal Carriers in violation of 18 U.S.C. § 2114 (Count 1), Conspiracy to Commit a Firearms Offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2), two counts of Robbery of Mail, Money, or Other Property of the United States (Counts 3-4), and two counts of Theft of Mail Keys (Counts 5-6).

The robberies at issue both occurred on the afternoon of October 21, 2023, in residential neighborhoods in Cincinnati, Ohio. The evidence presented in the Complaint filed

in this case indicates that during both robberies an armed suspect exited a silver SUV, confronted a USPS postal carrier who was delivering mail, brandished a firearm, and demanded that the carrier hand over their USPS arrow keys. USPS arrow keys are proprietary keys that are used to open USPS blue mail collection boxes. Investigators identified the vehicle used in the robbery as belonging to the Defendant and executed a search warrant at his residence. During that search, investigators recovered one of the stolen USPS Arrow Keys, three handguns, debit cards and checks that did not belong to the Defendants, and materials that can be used to wash checks in order to alter them.

On November 11, 2023, Defendant appeared before Magistrate Judge Stephanie K. Bowman for a detention hearing pursuant to 18 U.S.C. § 3142(f). At the close of that hearing, Judge Bowman found that the Defendant satisfied the requirements for pretrial detention under 18 U.S.C. § 3142(e) and ordered him detained pending trial. Doc. 11. Defendant now seeks reconsideration of the Magistrate Judge's Detention Order. Doc. 22–23, 32.

II. **STANDARD OF REVIEW**

Magistrate judges have the authority to decide whether a defendant should be detained or released pending trial. *See* 18 U.S.C. §§ 3141, 3142. When a magistrate judge orders a defendant detained pending trial under § 3142(e), the defendant may then file a motion with the district court for revocation or amendment of the detention order. 18 U.S.C. § 3145(b). Most circuits, as well as most district courts within this Circuit, hold that the district court reviews a magistrate judge's detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-29 (S.D. Ohio 2000) (collecting cases).

A defendant may be detained pending trial only if "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety

2

of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). The Government must show by clear and convincing evidence that the defendant is a danger to another person or the community, or by a preponderance of the evidence that the defendant is a flight risk. *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *2 (6th Cir. Mar. 18, 2020); 18 U.S.C. § 3142(f)(2)(B).

In determining whether any conditions will reasonably assure a defendant's appearance and the safety of the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is released.

Finally, 18 U.S.C. § 3142(e)(3)(B) provides for a rebuttable presumption that no bond condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community if there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c). "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985)). The rebuttable presumption only imposes a "burden of production" on the defendant. *Id.* This burden "is not heavy" and simply requires that the defendant introduce "at least some evidence" to rebut the presumption. *Id.* "Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

### III. ANALYSIS

#### a. Rebuttal Presumption

Count 2 of the Indictment charges Defendant with Conspiracy to Commit a Firearms Offense in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 17. Therefore, this Court finds that there is probable cause to believe that the Defendant committed an offense under 18 U.S.C. § 924(c), and a rebuttable presumption of detention applies in this case. *Stone*, 608 F.3d at 945. At the detention hearing, Magistrate Judge Bowman found that the Defendant had presented sufficient evidence to rebut the presumption. Doc. 12, PageID 69. On de novo review, this Court likewise finds that Defendant has met his burden. As discussed more fully below, there is at least some evidence in the record that weighs in favor of release. Namely, Mr. Toombs' family ties, employment, length of residence in the community, minimal criminal history, and past behavior.

#### b. Nature and Circumstances of the Offense

The nature and circumstances of the alleged offense in this case are very serious and strongly support detention. The Defendant is accused of participating in brazen crimes of violence, committed in residential areas in broad daylight using a deadly weapon. There is strong evidence before the Court indicating that the Defendant was an active and willing participant in the alleged robberies. If convicted, the penalties are quite severe.

As discussed previously, Count 2 of the Indictment gives rise to a presumption in favor of detention. Even when a defendant offers enough evidence to rebut the presumption, it remains "a factor to be considered among those weighed by the district court" because the existence of a presumption "reflects Congress's substantive judgement that particular classes

of offenders should ordinarily be detained prior to trial." *See Stone*, 608 F.3d at 945 (quotations omitted).

### c. Weight of the Evidence of Dangerousness

Second, the Court must consider the weight of the evidence. 18 U.S.C. § 3142(g). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948 (citing *Hazime*, 762 F.2d at 37).

As previously discussed, the nature and circumstances of Defendant's alleged conduct are overwhelmingly dangerous, and the weight of the evidence that he engaged in that conduct is strong. Further, the Government has presented evidence that the Defendant possessed multiple firearms in the furtherance of the charged offense. It is also of concern to this Court that only one of the stolen USPS arrow keys has been recovered, indicating that there may be additional evidence, stolen mail, or even weapons that have not yet been located by law enforcement but could be accessible to the Defendant if released. *See United States v. Ramsey*, 110 F.3d 65, 65 (6th Cir. 1997) (considering access to firearms as a fact supporting detention of a Defendant even absent other evidence of a propensity for violence). The Defendant has also reported a history of substance use and mental health concerns that exacerbate the risk of danger.

In support of his Motions for Revocation, the Defendant highlights the fact that neither he nor his co-defendant are alleged to have been the individual actually confronting and robbing postal workers at gunpoint. However, the evidence suggests that the other participants in these robberies were minors. The Court's concerns about dangerousness are not assuaged by the fact that the Defendant is merely accused of providing transportation (and

perhaps firearms) to minors who he enlisted to carry out the more unsavory and dangerous parts of these robberies.

The Court acknowledges that the Defendant does not have a documented history of violence beyond the conduct charged in this case, and there is limited evidence of Defendant's dangerousness beyond the risk of re-engaging in similar conduct. However, based on the Defendant's alleged criminal conduct in the present case, the weight of the evidence of his dangerousness is apparent and supports detention.

### d. History and Characteristics of the Defendant

Next, the Court looks to the Defendant's "history and characteristics," which require the Court to consider the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

Many of these factors weigh in favor of release pending trial. Namely, the Defendant is a lifelong resident of Cincinnati with strong family ties in the area including his mother and brother. If released, the Defendant has indicated that he can reside with his mother and has employment available in his mother's business. The Defendant has minimal criminal history and no history of violent crime. Finally, the record indicates that the Defendant made no attempt to flee the jurisdiction following the execution of a search warrant on his residence, despite reported awareness that an arrest was likely imminent.

Though this factor largely weighs in favor of release, the Court also considers the evidence that the Defendant apparently lied to investigators on the day of the search, denying involvement and claiming to be asleep during the time of the robberies. These statements are contradicted by text messages recovered from the Defendant's phone which appear to show the Defendant

6

discussing searching for a postal carrier on the morning of the robberies. The Defendant's reported mental health concerns and history of drug abuse also weigh in favor of detention.

### e. Nature and Seriousness of Danger Posed to the Community

Finally, the Court must consider the "nature and seriousness of the danger to any person or the community" posed by the Defendant's release. 18 U.S.C. § 3142(g)(4). Here, the Court finds that the risk of danger to the community is significant. There is clear and convincing evidence that the Defendant engaged in (and perhaps coordinated) two armed robberies committed in broad daylight in residential areas. The evidence suggests that the Defendant was an active and willing participant in this scheme, which involved minors who were provided with access to firearms.

Multiple handguns were recovered during a search of the Defendant's residence, along with materials for washing checks and debit cards, personal checks, and business checks that did not belong to the Defendants. However, one of the stolen arrow keys was not found by law enforcement and may still be accessible to the Defendant or his associates. This suggests that the Defendant has access to firearms, as well as the tools and knowledge necessary to engage in similar conduct if released.

Based on this alleged conduct, the Court finds that the Defendant's release would pose a serious risk to the safety of the community.

### IV. CONCLUSION

Having considered all relevant statutory factors and the available record, this Court concurs with the Magistrate Judge's conclusion and finds, independently, that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

Accordingly, Defendant's Motions for Revocation (Doc. 23, 32) are **DENIED** and Defendant SHALL remain detained pending resolution of this criminal case.

**IT IS SO ORDERED.**

February 9, 2024

Jeffery P. Hopkins
United States District Judge